WILLIAM DAMM v. SAMUEL MOON ET UX.

*Correction of deed—Inchoate dower rights—Party.*

The owner of three adjacent lots, one of which was on a corner and each of which was 40 feet wide, had his house partly on the corner lot, leaving 33 feet of it unoccupied. In deeding a parcel on the corner he described it as 40 feet in width, but afterwards claimed that he had only sold 30 feet and filed a bill to have the deed corrected. The grantee did not pretend that he supposed that he was buying any part of his grantor's house. *Held*, that in view of the evidence a decree correcting the deed would not be disturbed.

The wife of a grantee of land has an inchoate right of dower which would be affected by a decree correcting the deed, and she may therefore be properly joined as defendant to a bill filed for that purpose.

Appeal from Wayne. Submitted June 6. Decided June 14.

BILL to correct deed. Defendants appeal. Affirmed.

*Moore, Canfield & Warner* for complainants.

*Ward & Palmer* for defendants.

CAMPBELL, J. Damm filed his bill to have a deed corrected, which, as he claims, purported to convey an entire lot of 40 feet in width, when he only sold 30 feet to defendant. The lot described in the deed is a lot fronting on Third street, Detroit, cornering on Orange street, and is one of three lots each of 40 feet in width, which were owned by Damm in February, 1880, when the bargain was first discussed. Damm's house was built partly on this corner lot and partly on the next lot, leaving about 33 feet of the corner lot vacant, and leaving about three feet space between the house and the parcel which he claims was all that he sold to Moon. After the purchase Moon put up two buildings just covering the space of 30 feet. When the deed was, as complainant claims, discovered to be incorrect, Moon claimed that he was entitled to the entire lot, and refused to consent to any change in its terms, although he says he offered to reconvey the whole on payment for his improvements.

Upon a review of the testimony, we think that it leaves no ground to doubt the correctness of complainant's claim. Moon denies any understanding that he was to have only 30 feet, but he does not pretend he supposed he was buying any part of Damm's house, and his testimony concerning his own acts is not calculated to strengthen the defence. The positive testimony not only of the direct agreement, but of corroborating circumstances, is very convincing that only a parcel of 30 feet in width of entirely vacant land was within the understanding of the parties. We think the view of the circuit judge, who saw and examined the witnesses himself, is justified by the testimony, and that he was right in decreeing a correction of the deed. It is objected that the wife of Moon was improperly joined as a defendant. We need not determine whether she was a necessary party or not. She has at any rate an inchoate right of dower in her husband's lands, and this would be affected by the decree. She was properly joined.

The decree must be affirmed with costs.

GRAVES, C. J. and COOLEY, J. concurred.